WONG LEONG *vs.* S. E. PIERCE, Administrator Estate

of A. S. Bolster.

APPEAL FROM DOLE, J.

HEARING, MARCH 31, 1891.   DECISION, APRIL 14, 1891.

JUDD, C.J., McCULLY, BICKERTON, DOLE, JJ.

The estate of a deceased husband is not bound, after his death, by an im-
plied covenant for quiet enjoyment in a lease made by the husband of
the wife's land. Such a lease was only good during the husband's
life, and the lessee had notice from the lease itself of its duration.

OPINION OF THE COURT, BY JUDD, C.J.

During the lifetime of A. S. Bolster, he joined with his wife
in a lease of a parcel of her real estate to the plaintiff's grantor.
Before this lease expired it was extended by husband and wife
in favor of Wong Leong & Co., for an additional term of ten
years from January 1st, 1887, the date of the expiration of the
original lease. Bolster died December 5th, 1889, and in the
April term of the Supreme Court of the next year the plaintiff
was sued in ejectment by third parties, to-wit, Opiopio (w.)
and others, for the possession of the premises he held by virtue
of the said lease and extension. In the meantime L. T. Valen-
tine had been appointed administrator of Bolster's estate, and
he requested plaintiff, through his attorney, to defend the suit
and promised to make up to him whatever expenses he should
incur in so doing. The plaintiff, in accordance with such re-
quest, assumed the defense of the case, which was decided
against him, and paid out $100 for counsel and $208.70 upon
execution of the judgment therein. The administrator left the
country in April, and defendant was appointed administrator
October 3d, 1890.

The case comes to us on the following points of law :

1st. That the suit should have been brought in the name of Wong Leong & Company, they being the lessees under the extension of the lease, and not in the name of Wong Leong.

2d. That the estate of the deceased A. S. Bolster is not liable, because the land leased belonged to the wife, and the husband's interest therein ceased at his death, and because the ouster upon which this claim is based did not take place until after the death of Bolster.

3d. That if the husband's estate is liable for any portion of the amount claimed, the wife, Caroline K. Bolster, should have been joined in the suit as co-defendant.

4th. That this claim against the estate of deceased is barred by law, the same not having been presented and made in time.

5th. That Valentine as administrator had no authority in law to bind the estate to pay counsel's fee or any other amount to Wong Leong.

The crucial question in this case is whether the estate of A. S. Bolster is liable—the land leased belonging to his wife and the ouster of the lessee not occurring until after Bolster's death. At the time the lease and the extension thereof were executed, the law gave Bolster the right to rent, "with her written consent, his wife's land for any term not exceeding the term of his natural life." The lease is between A. S. Bolster of the one part, and Aho of the other part, whereby Bolster demises and leases, etc., the land to the said Aho. It concludes with these words, "and I, Caroline K. Bolster, wife of the said A. S. Bolster, holding the above leased premises in my own right as the heir at law of Kekoahaleole, deceased, the patentee, hereby consent to the terms and conditions of the above lease. Witness our hands and seals, etc." The extension is made to Wong Leong & Co., "the assignee of the within lease." The lease, then, was made in strict accord with the statute and apprised the lessee of the extent of Mr. Bolster's title.

It is fundamental law that a covenant for quiet enjoyment may be implied from words of grant in a deed and of demise in a lease. The action is brought, not in covenant against the

administrator, but in assumpsit upon his request to the lessee to defend the suit (which resulted in his eviction) and his (administrator's) promise to pay the damages, costs and counsel fees in case the suit was lost. But it is admitted that the administrator could not bind the estate by his promise unless the estate was in law liable. We therefore come back to the primary question: Is the estate of the husband bound after the husband's death by an implied covenant in a lease made by the husband of his wife's land ?

There is no doubt that "a covenant for quiet enjoyment runs with the land, whether any estate remains in the covenantors or not." Quoted in the decision appealed from, *Campbell vs. Lewis*, 3 B. &. A., 392. But in this case there was an express covenant by A, and the Court held A (who had possession of the premises for a period of years) liable on his covenant to B, at the suit of C, to whom B had assigned the lease; C was evicted by J. S., the lessor, for a breach committed by A previous to the assignment to B. The Court sustained the action against A upon the covenant for quiet enjoyment, on the ground of privity of estate between A and C.

The policy of the law is not to extend implied covenants. In Rawle on Covenants for Title, Section 275, the author says: "Nor, it would seem, will the covenant implied in the creation of a leasehold endure longer than during the continuance of the estate out of which it is granted." Thus in an old case (*Swan vs. Searles*, Dyer, 257A) a tenant for life having made a lease by the word *demise*, the lessee was after the death of the tenant for life, and before the effluxion of the term, evicted by the remainderman and brought covenant against the executors of the lessor, but it was held that the "covenant in law ends and determines with the estate and interest of the lessor."

In *Adams vs. Gibney*, 6 Bing., 656, Tindal, C. J., referring to *Swan vs. Searles* approvingly, and also to *Bragg vs. Wiseman* (an old case and not accessible to us) where covenant is brought against the executor of the husband upon a lease by husband and wife, it was laid down, "That a covenant in law shall not be extended to make one do more than he can, which was to

warrant it as long as he lived and no longer." In *Adams vs.
Gibney* the question was : tenant for life, remainder over, de-
mises to the lessee, his executors, etc., for the term of fifteen
years, without any express covenant for quiet enjoyment; the
lessee is evicted by the remainderman, after the death of the
tenant for life, but before the expiration of the fifteen years;
whether the lessee can maintain an action of covenant against
the executor of tenant for life in respect of such eviction. The
learned Chief Justice held that he could not, and adds, "No in-
justice can be occasioned to the lessee by this decision, who
must have learned from the form of the reservation in the lease
that his lessor was no more than a tenant for life, but was con-
tented to accept a lease without an express covenant for quiet
enjoyment."

In the case before us the law gave the right to Bolster to lease
his wife's land for the term of his own life. Why was he not, so
far as the lessee was concerned, a tenant for life? That was cer-
tainly the quality and duration of his estate, of which the lessee
had notice by the indenture itself. The law implied a covenant
by the use of words of demise on the part of Bolster, that the
lessee should have quiet enjoyment of the premises so long as
he (Bolster) lived, and no longer. Such is our opinion of this
case, upon reason and authority.

It does not become necessary to pass upon the other points in
the case, except to say that they were properly overruled below.
The estate of Bolster not being bound in law on the implied
covenant, the administrator's promise does not bind it.

The judgment below is reversed, and judgment may be had
for the defendant.

*W. R. Castle*, for plaintiff.

*C. Creighton*, for defendant.